## FLAGG *vs.* GOTHAM.

THE act of July 2, 1831, to abolish special pleading, was not intended to enlarge the jurisdiction of justices of the peace, so as to authorize them to try actions of trespass *quare clausum fregit,* when the defendant sets up title in opposition to the title of the plaintiff.

If the defendant in such action before a justice of the peace pleads the general issue, and the cause comes up on an appeal from the judgment of the justice, he cannot have leave to file a brief statement in the court above, for the purpose of shewing title in himself.

Nor can he give evidence of such title upon the general issue filed before the justice.

TRESPASS *quare clausum fregit.*    The action was commenced before a justice of the peace.    The defendant pleaded the general issue, and the cause came to the court of common pleas, on an appeal from the judgment of the justice.

After the entry of the appeal, the defendant moved for leave to file a brief statement, setting forth that the title to the *locus in quo* was in himself, and that he should offer evidence of title in defence of the action ; but the court, being of opinion that under the circumstances of this case the statute did not authorize the filing of such brief statement, denied the motion.

The defendant then offered to give evidence of title in himself, under the general issue, but the court rejected the

evidence ; and a verdict was thereupon taken, by consent, for the plaintiff, subject to the consideration of this court.

*Christie*, for the plaintiff.

*J. P. Hale*, for the defendant.

PARKER, J. By the statute of February 9, 1791, for establishing courts of law, &c. every justice of the peace, within his county, was " authorized and empowered to hear, ' try and determine, all pleas and actions, (except such ' wherein the title of real estate may be drawn in question,) ' when the sum demanded in damages doth not exceed forty ' shillings," and it provided, that when an action of trespass should be brought before any justice of the peace, and the defendant should plead the general issue, he should not be allowed to offer any evidence that might bring the title of real estate in question, and that when he should plead a special plea, whereby the title of real estate should be drawn in question, the justice should record such plea, and no further proceedings be had thereon before the justice ; but the plaintiff might carry an attested copy of the writ, and all papers filed in the cause, to the next court of common pleas, and there enter his action, and prosecute the same to final judgment, *that the defendant should be holden by his said plea*, and the subsequent proceedings be the same as though the action had been commenced and prosecuted so far at said court. The act contained a proviso, that the plaintiff might, immediately on the defendant's plea being filed, become nonsuit, in which case the justice was authorized to tax costs for the defendant. *N. H. Laws*, (*Ed.* 1797,) 52.

By the statute of February 21, 1794, it was enacted, that instead of the powers of justices of the peace being limited to forty shillings, the said justices should thereafter " have jurisdiction of all causes of the same nature, not exceeding four pounds." *Ditto*, 63.

This last act was originally limited to the term of three years, but was made perpetual by the act of December 13, 1796 ; (*page* 466,) and this statute further enacted, that no action should be commenced at any court of common pleas, "except where the title of real estate is in question, wherein 'the sum demanded shall not exceed the sum of thirteen 'dollars and thirty-three cents."

A statute of June 20, 1797, provided, that the defendant in any cause triable before a justice of the peace might give any special matter in evidence under the general issue. *N. H. Laws*, (*Ed.* 1805,) 73.

That this last act was not 'intended to affect actions when the title of real estate was drawn in question, is apparent from the fact, that such actions were not by the existing laws "triable before a justice of the peace." And on a revision of these laws by the act of June 22, 1810, which contains an exception and provision similar to those in the statutes before mentioned, it is enacted, that the defendant in any cause triable before a justice of the peace, may give any special matter in evidence under the general issue, "except such as shall bring the title of real estate in question." *N. H. Laws*, (*Ed.* 1815,) 65.

The statute of December 31, 1828, contains similar provisions.

It is apparent, then, that up to the time of the act of July 2, 1831, "to abolish special pleadings," justices of the peace had no jurisdiction of any action of trespass *quare clausum fregit* after the title of real estate had been drawn in question in such action by a special plea, (3 *N. H. R.* 402 ; 4 *doitt* 293,) and that under the general issue, filed in such action before a justice, no special matter, bringing the title of real estate in question, could be given in evidence by the defendant.

The first question in this case, then, is whether this last statute enlarges the jurisdiction of justices, so as to enable them to try such actions.

It provides, " that in all civil actions the defendant may
'plead the general issue, which shall be joined by the plain-
'tiff, and either party may give in evidence any special
'matter in support or defence of the action, upon filing in
'the court a brief statement of such special matter either of
'law or of fact."

It cannot admit of a doubt, that this statute was not in-
tended to enlarge or alter the jurisdiction of any tribunal.
There is nothing in its terms which indicates that the legis-
lature had any such purpose in view. There is no enacting
clause giving jurisdiction, nor any repealing clause taking
away the necessity of carrying the case to the court of
common pleas, upon the title being drawn in question by the
defendant.

It was evidently designed to enable a defendant to file the
general issue, with a brief statement, in cases where he was
before under the necessity of filing a special plea, leaving
the jurisdiction as before.

Under the pleadings filed in this case, therefore, it is clear
that the defendant, before the justice, could not have set up
title in himself in opposition to that of the plaintiff.

It has not been contended by the counsel, that the statute
had any operation to enlarge the jurisdiction of the justice ;
but it is argued that the statute has taken away all necessity
for special pleading, and that the defendant, therefore, had
the right to file a brief statement in the common pleas, or to
bring the title of the premises in question there, under the
general issue, by evidence for that purpose, although he could
not have done it before the justice. But to this there are
unanswerable objections.

The defendant, having filed the general issue only before
the justice, had filed nothing to oust him of his jurisdiction
over the case. He had legal authority to proceed and try
it, and render a judgment. And upon such trial the defend-
ant could give no evidence of title. All other matters of
defence were open to him. To permit him to file a brief

statement in the court above, and thereby bring title in question, or to give evidence of such title under the general issue, would defeat the statutory provisions so long in existence, and incorporated into the statute of 1828, and which we think were not intended to be repealed. It would deprive the plaintiff of his right to discontinue, before the magistrate, on being advised that the defendant relied upon such defence; and it would change the course of the trial, by enabling the defendant to set up that defence along with others of a different nature, which the statutes, from 1791 to 1828, evidently intended to prevent.

If the defendant might file a brief statement of title in himself, after the appeal, there has been as yet no principle adopted by which he could be confined to the matter contained in that, and prevented from offering any other matter of defence which he might have set up under the general issue before the justice. And so if he might be admitted to give evidence of title in himself, under the general issue, in the court above, on the appeal, it is not apparent why he might not couple that with any other matter of defence upon which he might have relied in the court below.

If, however, a principle could be adopted authorizing the defendant in this case, either by a brief statement, or by evidence under the general issue, to set up title in himself on a trial in the common pleas, and confining him, upon the offer of such evidence, to that defence alone; it would present the legal curiosity of a case tried before one tribunal, where a particular species of evidence was excluded because the court had no jurisdiction to hear and decide upon evidence of that character, and upon judgment being rendered and an appeal taken, the same case again tried, but upon the very evidence necessarily excluded in the court below, and with the exclusion of all the evidence there rightfully admitted.

It is only necessary to state this result to show that the ruling of the common pleas was correct.

If the statute of 1831 can have any operation upon the prior statute, it must be by authorizing the filing of a brief statement, in the room of a special plea, before the justice, leaving the action, upon the filing of such statement, to take the same course it would have done had a special plea been filed, and confining the defendant to the matter alleged in the brief statement. There are obvious objections to such a construction, but this matter need not now be settled.

*Judgment for the plaintiff.*